the plaintiff was on the car, or that he had any intention of putting him off. This was insufficient to justify a belief on the part of the plaintiff that he was about to be injured, and he does not testify that he had such belief. He simply says he "got frightened and fell off." Plaintiff's conduct was voluntary and intentional. He released his hold upon the bar for the purpose and with the intention of jumping off the car, and his foot tripped or slipped on the running board in the effort. It was a conscious and voluntary act, and there was no evidence which would call for the submission to the jury of the question as to whether there was such a willful and wanton disregard of human life and personal safety on the part of the conductor as to make defendant liable to the plaintiff, who was a trespasser, knowing and appreciating the danger he was subjecting himself to when he boarded the car, and a nonsuit ought to have been granted.

The judgment and order must be reversed, and a new trial granted; costs to abide the event.

JENKS and MILLER, JJ., concur. HIRSCHBERG, P. J., and WOODWARD, J., dissent.

---

### PRENDERVILLE v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

Appeal from Trial Term, Kings County.
Action by James Prenderville against the Coney Island & Brooklyn Railroad Company. From the judgment and from an order, defendant appeals. Reversed, and new trial granted.
Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland (Owen N. Brown, on the brief), for appellant.
S. D. Morris, for respondent.

RICH, J. Judgment and order reversed, and new trial granted, costs to abide the event, on the authority of Prenderville, Jr., v. Coney Island & Brooklyn R. R. Co. (decided herewith) 115 N. Y. Supp. 633.

JENKS and MILLER, JJ., concur. HIRSCHBERG, P. J., and WOODWARD, J., dissent.

---

### FARLEY v. ROBERT WHITE ENGINEERING CO.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. MASTER AND SERVANT (§ 97*)—SAFE PLACE OF WORK—ANTICIPATION OF CONSEQUENCES.

A horizontal flue, which was being repaired when plaintiff was injured, was 8 by 8 feet a part of its length, but near one end, where a vertical flue connected with it, it was 8 by 10 feet. Plaintiff's employer contracted to take apart and replace that part of the flue which was 8 by 8 feet in dimension, but was to do nothing to the 8 by 10 sections. Plaintiff was injured by falling through the vertical flue, while walking through the sections of the horizontal flue, which were not lighted, in searching for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes